BEASLEY *v.* STATE.

Opinion delivered March 20, 1911.

TRIAL—IMPROPER ARGUMENT.—Upon the trial of a felony case, the prosecuting attorney said: "At the last term of this court the husband of Mrs. A. B. Quertermous was on trial, and the defendant testified for him; and now the defendant is on trial, and Mrs. Quertermous comes as a witness for the defendant. The defendant testified for the witness' husband at a former term of the court when he was being tried, and she is now testifying for the defendant. It looks like swapping work." *Held,* that the argument was not improper.

Appeal from Arkansas Circuit Court; *Eugene Lankford,* Judge; affirmed.

*R. D. Rasco* and *Joe T. Robinson,* for appellant.

Not only was the verdict contrary to the law and the evidence, but the conduct and statements by the prosecuting attorney in argument to the jury are within themselves so prejudicial as to call for a reversal of the case. His declaration that the instructions were misleading, and afterwards, when told by the trial judge that they were not misleading but were the law of the case, he repeated his statement that they were misleading, was prejudicial error. His further statement, in commenting upon the testimony of the witness Mrs. Quertermous, that "the defendant testified for her husband at a former term of this court, when he was being tried, and she is now testifying for the defendant; *it looks like swapping work"*—was clearly prejudicial error. It was a manifest attempt to influence the jury to believe that he had testified falsely at the trial of Quertermous, and that she in return was testifying falsely in behalf of appellant. 70 Ark. 305-307; 58 Ark. 353; 61 Ark. 138; 92 Ind. 40; 76 N. W. 426; 123 Ill. 333; 63 Ark. 174; 48 Ark. 106-132; 44 Wis. 282; 61 N. W. 246; 39 N. W. 585; 27 S. W. 128; 8 Tex. App. 416; 41 N. H. 317.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* assistant, for appellee.

1. A reading of the abstract furnished by the appellant is sufficient to show that there is evidence legally sufficient to sustain the verdict.

2. The case should not be reversed because of the argument of the prosecuting attorney because it was not prejudicial, and because the record does not show that the trial court was asked for a ruling upon the matter now insisted upon. A bare exception to argument of counsel is not sufficient. It must be pressed to a ruling. 74 Ark. 259; *Id.* 131; 38 Ark. 304; 95 Ark. 321; 93 Ark. 446; 81 Ark. 173; 88 Ark. 62; 73 Ark. 453; 74 Ark. 489; 76 Ark. 67; *Id.* 39; 71 Ark. 403; 94 Ark. 548.

McCulloch, C. J. Appellant was convicted under an indictment charging him with having feloniously altered and changed the marks of five hogs, the property of W. W. Simpson, with intent to steal the same.

The principal contention is that the evidence is not sufficient to sustain the conviction. It is insisted that the evidence fails to identify the hogs as the property of Simpson, and fails to establish the fact that they were marked by appellant with intent to steal them.

The testimony adduced by the State tended to show that Simpson owned five hogs at the time mentioned—four of them year-olds, and one a two-year old sow—all marked with crop and two splits in the right ear and underhalf crop in left ear; that the hogs ranged around Clyde Inman's place with ten others about the same age and size owned by Arthur Brewer; that he afterwards found the four young hogs countermarked, but did not recover the sow.

Appellant and Jerry Inman and Weaver Langford drove a bunch of sixteen hogs marked in that mark up to appellant's house on Saturday night about nine o'clock, and next morning changed the marks by counter-marking them with "crop in left ear and crop and undercrop in the right ear, and some of them with crop and under-half crop in left ear and right ear cropped," both of which marks were appellant's; that they killed one of the larger hogs on Sunday morning, and herded the others in appellant's field, where they were afterwards kept. Appellant afterwards denied having marked Simpson's hogs, and on the witness stand denied that they drove the hogs up at night or that they herded the hogs. He claimed that he bought the hogs from other parties.

We think the testimony was legally sufficient to sustain the verdict.

Improper argument of the prosecuting attorney is assigned as error. During the argument the prosecuting attorney, in discussing the credibility of a witness introduced by appellant, said:

"At the last term of this court the husband of Mrs. A. B. Quertermous was on trial, and the defendant testified for him; and now the defendant is on trial, and Mrs. Quertermous comes as a witness for the defendant. The defendant testified for the witness' husband at a former term of this court when he was being tried, and she is now testifying for the defendant. It looks like swapping work."

Appellant's counsel objected to this, and, his objection being overruled, he saved exceptions.

It was disclosed in the testimony that appellant was, at the former term of the court, a material witness on behalf of the husband of the witness, Mrs. Quertermous, who was on trial charged with felony. We think this was a competent circumstance tending to show the relations between the parties, and that it was not improper to comment on it within reasonable bounds, as tending to show some bias on the part of the witness. The language of the attorney cannot be said to be intemperate, and we fail to see anything in it which calls for a reversal of the judgment. The testimony of Mr. Quertermous only went to credibility of a witness for the State, being alleged statements of that witness tending to show prejudice on his part against appellant.

There are other assignments as to alleged improper remarks of the prosecuting attorney, but objections to each of the remarks were sustained by the court, and the prejudice thus removed.

We find no error in the record, and the judgment is affirmed.

Wood and Hart, JJ., dissent on the ground that the remarks of the prosecuting attorney constituted reversible error.